IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LUTHER L. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 14-167-SLR |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Luther Jones.  Pro se petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

May  *IB* , 2016
Wilmington, Delaware

ROBINSON, District Judge

## I.   INTRODUCTION

Currently before the court is Luther Jones' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("application"). (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II.   BACKGROUND

On July 29, 1971, petitioner pled guilty in the Delaware Superior Court to second degree murder. *See State v. Serfuddin El*, 2009 WL 74128, at *1 (Del. Super. Ct. Jan. 7, 2009) The Superior Court sentenced petitioner to imprisonment for the rest of his natural life, and he did not file a direct appeal.

In September 2008, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that: (1) his life sentence was illegal and he was led to believe that his sentence was actually for forty-five years; and (2) the Department of Correction illegally refused to put him on work-release. *Id.* The Superior Court denied the Rule 61 motion on January 7, 2009, and petitioner did not appeal that decision. *Id.*

Petitioner filed a second Rule 61 motion on August 28, 2011. (D.I. 11 at 1) The Superior Court denied the motion on January 7, 2013, and the Delaware Supreme Court affirmed that decision. *See Jones v. State*, 72 A.3d 501 (Table), 2013 WL 3807505, at *2 (Del. July 18, 2013).

Thereafter, petitioner filed in this court a § 2254 application asserting three grounds for relief: (1) defense counsel provided ineffective assistance during the plea

negotiations, which rendered his guilty plea involuntary; (2) his life sentence is illegal because it was not authorized by statute; and (3) the Superior Court should have appointed counsel to represent him during his first Rule 61 proceeding. The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, because the claims in the application are procedurally barred. (D.I. 11)

## III.    ONE-YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner's application, which is dated December 2013, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320,

2

336 (1997).  Petitioner does not allege, and the court does not discern, any facts

triggering the application of § 2244(d)(1)(B), (C), or (D).  Therefore, the one-year period

of limitations in this case began to run when petitioner's conviction became final under §

2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court

judgment, the judgment of conviction becomes final, and the one-year period begins to

run upon expiration of the time period allowed for seeking direct review.  *See Kapral v.*

*United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153,

158 (3d Cir. 1999).  In this case, petitioner's judgment of conviction became final on

October 24, 1971, because he did not appeal his conviction.  Since petitioner's

conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits

from a one-year grace period for timely filing habeas petitions, thereby extending the

filing period through April 23, 1997.[1]  *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d

Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004).  Thus, petitioner had until

April 23, 1997 to timely file his application.

Petitioner did not file the instant application until December 30, 2013, more than

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners
whose convictions became final prior to the enactment of AEDPA ends on April 24,
1997, not April 23, 1997.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)
(collecting cases).  Although the Third Circuit has noted that "[a]rguably we should have
used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d
at 261 n.5 (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant
cut-off date in this circuit.  In the present situation, however, petitioner filed his petition
well-past either cut-off date, rendering the one-day difference immaterial.

sixteen years after the expiration of the limitations period.[2]  Therefore, his habeas

application is time-barred and should be dismissed, unless the limitations period can be

statutorily or equitably tolled.  The court will discuss each doctrine in turn.

## A.  Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls

AEDPA's limitations period during the time the action is pending in the state courts,

including any post-conviction appeals, provided that the motion was filed and pending

before the expiration of AEDPA's limitations period.  *See Swartz v. Meyers*, 204 F.3d

417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at \*2 (D. Del. Sept. 23,

2002).  A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state

collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20

(2002).

Petitioner filed his first Rule 61 motion in 2008 and his second Rule 61 motion in

2011, long after the expiration of AEDPA's limitations period in 1997.  As a result, the

two Rule 61 motions do not have any statutory tolling effect.  Therefore, the application

is time-barred, unless equitable tolling is available.

## B.  Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed
filed on the date he delivers it to prison officials for mailing to the district court, not on
the date the application is filed in the court.  *See Longenette v. Krusing*, 322 F.3d 758,
761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on
petition is presumptive date of mailing and, thus, of filing).  Applying this rule to the
instant case, the court adopts December 30, 2013, as the date of filing because that is
the date on petitioner's application

circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). With respect to the diligence requirement, the burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights;[3] equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). In turn, the Third Circuit has explained that extraordinary circumstances for equitable tolling purposes may be found where:

(1) the defendant actively misled the plaintiff;
(2) the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) the plaintiff timely asserted his rights mistakenly in the wrong forum.

*See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In this case, petitioner does not assert, and the court cannot discern, any reason to equitably toll the limitations period. Petitioner also has not demonstrated that he exercised the level of diligence needed to trigger equitable tolling; despite the availability of his instant arguments, petitioner waited more than thirty-six years after his conviction to raise them to the Delaware state courts. Finally, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period,

---

[3]*See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[3]

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

---

[3]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reasons for denying the application.

## V.    CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied.  An appropriate order shall issue.